Maximiano Oliva

2615 Canada Blvd. #109

Glendale, CA 91208

(415) 572-6385

Defendant in Pro Per

FILED

MAR 2 4 2014

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

United States District Court

Southern District of California

SPRING SOLUTIONS, INC.

and SPRINT COMMUNICATIONS

COMPANY L.P.,

Plaintiffs,

vs.

Maximiano Oliva (Phone Monster, Inc.)

'14CV0249 DMS DHB

DEFENDANT'S ANSWER

Defendant Maximiano Oliva hereby answers Plaintiff's complaint as follows:

ANSWER TO COMPLIANT

1. Defendant denies each and every allegation contained in paragraphs 63,64,65,66, and 67.

2. Defendant is without knowledge or information sufficient to form a

belief as to the truth of each and every allegation contained in paragraphs 69, 70, 71, and 72 and therefore denies them.

3. Defendant denies each and every allegation contained in paragraphs 73, 74, 75, 76, 77, 78, and 79 of the complaint.

4. Defendant denies each and every allegation contained in paragraphs 81, 82, 83, 84, 86, 87, 88, 89, 91, 92, 93, 94, 95, 96, 98, and 99 of the complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 100 and therefore denies them.

6. Defendant denies each and every allegation contained in paragraphs 101, 102, 103, 104, 106, and 107 of the complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 108 and therefore denies them.

8. Defendant denies each and every allegation contained in paragraphs 109, 110, 111, 112, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 140, 141, 142, 143, 144, and 145 of the complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 146 and therefore denies them.

10. Defendant denies each and every allegation contained in paragraphs

147, 148, 149, 150, 151, 152, 153, 155, 156, 157, 158, 159, 160, 162, 163, 164, 165, 166, 167, 168, and 169 of the complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 170 and therefore denies them.

12. Defendant denies each and every allegation contained in paragraphs 172, 173, 174, 175, 176, and 177 of the complaint.

///

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 179, 80, and 181 of the complaint and therefore denies them.

4. Defendant denies each and every allegation contained in paragraphs 82 of the complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 183 of the complaint and therefore denies them.

16. Defendant denies each and every allegation contained in paragraphs 184, and 186 of the complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs 187 & 188 of the complaint and therefore denies them.

18. Defendant denies each and every allegation contained in paragraphs 189 of the complaint

DEFENSES

FIRST DEFENSE: Defendant was involved in the business of buying and reselling mobile devices; currently Phone Monster, Inc. is being dissolved as it is no longer in operation. Every transaction was done in an ethical and honest manner within the boundaries of the law. It was never involved in any activities that would undermine Sprint or its customers, and has no such intent or interest in doing so. In fact, the procedures of which we operated aided local police in apprehending criminals seeking to do business in an unlawful manner.

SECOND DEFENSE: Phone Monster, Inc. had no part in any of the transactions or conversations mentioned. Anthony Fay is not, nor was he ever, an employee of Phone Monster, Inc - he was strictly an independent contractor. Mr. Fay used the name Phone Monster on his business card as he had done business with Phone Monster, Inc in the past. It is our belief that Phone Monster Inc. is only named in the suit due to Anthony Fay using Phone Monster on his business card.

THRID DEFENSE: Defendant took pride in being able to buy/sell sprint mobile devices and it would be in his own interest to see Sprint prosper

and continue to manufacture such devices. If in any such business opportunity were presented to the defendant which would knowingly cause harm or inflict other such negative damages to Sprint Solutions, INC and/or Sprint Communications Company L.P., defendant would have no part in any such. In addition, Phone Monster, inc. has never sold to any overseas party.

REQUEST FOR RELIEF

WHEREFORE, the Defendant requests:

1. Dismissal of the Plaintiff's action with prejudice;

2. An order that Plaintiff shall take no relief from the compliant;

3. Such further relief the Court deems fair and just.

Dated: 3/18/2014

Sign: _____

Print name: Maximiano Oliva

Defendant in Pro Per

Maximiano Oyu
2015 Canada Blvd #109
Glendale, CA 91208

RETURN RECEIPT
REQUESTED





U.S. POSTAGE
PAID
GLENDALE, CA
91206
MAR 18, 14
AMOUNT
$15.84
00078257-03



RE 785 607 985 US

37

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101




RECEIVED
INTAKE
MAR 24 2014





MAR 18 2014



MAR 18 2014


